## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| COMMUNITY HEALTH CHOICE, INC., <br><br>      Plaintiff, <br><br>v. <br><br>THE UNITED STATES, <br><br>      Defendant. | Case No. 18-05 <br> (Judge Davis) |

### JOINT STIPULATION FOR ENTRY OF PARTIAL FINAL JUDGMENT

To partially resolve the complaint of plaintiff Community Health Choice, Inc., and to permit the entry of partial final judgment on that complaint, plaintiff and the United States (collectively, the Parties) stipulate as follows:

1. The Patient Protection and Affordable Care Act (ACA) created interrelated programs to expand access to affordable health insurance coverage. Section 1342 of the ACA created the risk corridors program. 42 U.S.C. § 18062. Section 1402 of the ACA established the cost-sharing reduction (CSR) program to lower the cost of health coverage offered for eligible insureds. 42 U.S.C. § 18071.

2. On January 2, 2018, plaintiff filed the Complaint in this Court (ECF No. 1) seeking risk corridors damages. On February 27, 2018, plaintiff filed the First Amended Complaint (ECF No. 7) asserting three counts for risk corridors damages (Counts I, II, and III) and three counts for unpaid CSR payments (Counts IV, V, and VI). On June 30, 2020, pursuant to a stipulation for entry of partial judgment (ECF No. 41), the Court entered judgment on Count I of plaintiff's first amended complaint and dismissed Counts II and III with prejudice (ECF No. 43). In the remaining counts of the First Amended Complaint, plaintiff seeks damages

for the Government's failure to make CSR payments through December 31, 2017, and asserts that damages continued to accrue after that. ECF No. 7, ¶¶ 77-78.

3. On August 14, 2020, the U.S. Court of Appeals for the Federal Circuit determined that "the government violated its obligation to make cost-sharing reduction payments [to insurers] under section 1402; 'that the cost-sharing-reduction reimbursement provision imposes an unambiguous obligation on the government to pay money[;] and that the obligation is enforceable through a damages action in the [Claims Court] under the Tucker Act.'" *Cmty. Health Choice, Inc. v. United States*, 970 F.3d 1364, 1371 (Fed. Cir. 2020) (quoting *Sanford Health Plan v. United States*, 969 F.3d 1370, 1373 (Fed. Cir. 2020)). The Federal Circuit further determined that there was "no basis for a 2017 damages offset." *Id.* at 1372. The Supreme Court denied further review of these rulings.

4. The Parties agree that the Federal Circuit's rulings in *Community Health Choice* and *Sanford* entitle plaintiff to payment under section 1402 of the ACA in the amount of $11,174,299.10 (the Stipulated Amount) for unpaid CSR payments through December 31, 2017.

5. Accordingly, the Parties jointly request that the Court enter partial judgment in favor of plaintiff in the amount of $11,174,299.10 on Count IV of the amended complaint as it relates to CSR payments through December 31, 2017, with each party to bear its own costs, attorney fees, and expenses. The Parties agree that the partial judgment would not affect or include Count IV of the amended complaint as it relates to CSR payments after December 31, 2017.

6. The Parties further request that the Court partially dismiss Count IV of the amended complaint as it relates to plaintiff's claim for CSR payments through December 31,

2017, with prejudice. This partial dismissal would not affect or include Count IV of the amended complaint as it relates to CSR payments after December 31, 2017.

7. The Parties further request that the Court dismiss Counts V and VI of the First Amended Complaint with prejudice.

8. Upon entry of judgment in the Stipulated Amount, plaintiff (HIOS No. 27248) and any and all of its affiliated entities, release the United States, its agencies, instrumentalities, officers, agents, employees, and servants, from all claims (including attorney fees, costs, and expenses of every kind and however denominated) that they have asserted, could have asserted, or may assert in the future against the United States, its agencies, instrumentalities, officers, agents, employees, and servants, relating to unpaid CSR payments through December 31, 2017.

|  |  |
|---|---|
| February 24, 2022 | Respectfully submitted,<br><br>BRYAN M. BOYNTON<br>Acting Assistant Attorney General |
| *s/ William L. Roberts*<br>William L. Roberts<br>william.roberts@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-3901<br>Telephone: (612) 766-7000<br>Fax: (612) 766-1600<br><br>***Counsel of Record for Plaintiff Community Health Choice, Inc.***<br><br>OF COUNSEL:<br><br>Jonathan W. Dettmann<br>jon.dettmann@faegredrinker.com<br>Nicholas J. Nelson<br>nicholas.nelson@faegredrinker.com<br>Evelyn Snyder<br>evelyn.snyder@faegredrinker.com | PATRICIA M. McCARTHY<br>Director<br><br>*s/ Claudia Burke*<br>CLAUDIA BURKE<br>Assistant Director<br><br>*s/ David M. Kerr*<br>DAVID M. KERR<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 307-3390<br>Email: David.M.Kerr@usdoj.gov |

3


OF COUNSEL:

ALBERT S. IAROSSI
Trial Attorney

***Attorneys for Defendant***